UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

    MARK A. CHABAN,                    Case No. 14-52133
                                                                 Chapter 7
                                                                 JUDGE W. SHAPERO

                      Debtor,
_____/

BOB WOODWARD

              Plaintiff/Creditor,

-vs-                                         Adversary Case #14-52133
                                           Chapter 7

MARK A. CHABAN,

              Defendant/Debtor,
_____/

MARK A. CHABAN
Debtor In Pro Per
15046 Hix
Livonia, MI, 48154

RYAN E. HILL (P-68445)
Attorney for Creditor Bob Woodward
407 E. Fort, Suite 103
Detroit, MI, 48226
313-962-4954
_____/

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause by depositing a copy thereof in the U.S. Mail , postage prepaid, in envelopes addressed to each of the attorneys of record, and / or individual parties herein at their respective addresses disclosed on the pleadings

on October _____, 2014

Signed:_____.

**ADVERSARY COMPLAINT FOR DETERMINATION
THAT THE DEBT OWED TO
BOB WOODWARD
BY DEBTOR MARK CHABAN IS NON DISCHARGEABLE
UNDER 11 USC 523 AND BANKRUPTCY RULE 7001(6)
AND FOR DENIAL OF DISCHARGE UNDER 11 USC 727**

NOW COME Creditor/Plaintiff/Petitioner, BOB WOODWARD by and through his attorney, RYAN HILL and state unto this Honorable Court as follows:

1. That Defendant MARK A. CHABAN is an individual residing at 15046 Hix, Livonia, MI.  According to his Schedule A, he is the sole owner of that property.

2. Plaintiff is a creditor of the Defendant/Debtor with a judgment against the Defendant/Debtor in the amount of $24,525.00 for vexatious appeal sanctions and punitive sanctions.  Debtor confirmed this at his first creditor's meeting.

3. That the above captioned Chapter 7 proceeding was commenced by the filing of a voluntary petition on or about July 24, 2014.

4. That this is a core proceeding, pursuant to 28 USC 157(b)(2) over which this Court has jurisdiction pursuant to 28 USC 1334.  Moreover, this adversary proceeding is further brought under Bankruptcy Rules 7001(6) and 4007 as well as 11 USC 523 to both determine both the dischargeability of a debt and for denial of discharge under 11 USC 727(a)(2).

5. That this complaint is timely filed since it is filed within 60 days of the first date scheduled for the first meeting of creditors.

**COUNT ONE - DETERMINATION THAT THE DEBT OWED TO THE ABOVE STATED CREDITOR IS NON DISCHARGEABLE**

6. Judge SUSAN D. BORMAN, a Wayne County, Michigan Circuit Court Judge, issued her second vexatious appeal sanctions judgment

against Debtor MARK. A. CHABAN (attorney in the case) in the favor of Creditor Bob Woodward in the amount of Twenty-Four Thousand, Five Hundred and Twenty-Five dollars ($24,525.00). A true copy of the judgment AND TRANSCRIPT is attached hereto as **Exhibit "A"**, **Order of Sanctions and Transcripts.**

7. Debtor MARK CHABAN filed an order requesting transcripts on appeal, but because Judge borman ordered an appeal bond in the amount of the sanction award, $24,525.00, he ultimately did not appeal the court's decision. Debtor has filed at least 14 separate and distinct appeals in the State Court case that was originally filed by Creditor as a single county Landlord Tenant Eviction complaint for possession. **Exhibit B, Affidavit of Creditor Bob Woodward.**

8. On August 1, 2014 Judge Borman, after 4 years of frivolous Debtor appeals, found that Debtor's last appeal was for purposes of hindrance or delay and without any reasonable basis for belief that there was a meritorious issue to be determined on appeal. MCR7.101(P).

9. Judge Borman sanctioned Debtor punitively, in addition to actually costs, and stated "Mr. Chaban . . . this is one of the worse cases I've ever seen of delay and filing appeals that are without merit . . .". Exhibit A, Pg 13.

10. Judge Borman labeled Debtor's conduct as "not normal. . . It's just -- I don't understand it . . . I mean, I really fail to understand why you keep doing this. It's not to seek justice in this case. Justice has been

thwarted [by Debtor] in this case over and over and over again."
Exhibit A, Pg 13.

11. Debtor's Appeal was grossly lacking in the requirements of propriety, violated court rules, and grossly disregarded the requirements of a fair presentation of the issues to the Court. MCR7.101(P).

12. The Court order shows Debtor's actions constitute a violation of Michigan Court Rule 2.114. Moreover, that the debtor confirmed these findings at his 341 hearing which was conducted on September, 24, 2014 and has been sanctioned in other previous State Court actions for unethical behavior.  **Exhibit C, Chaban vs Rathore, COA # 308326.**  In Rathore, the Court of Appeals upheld sanctions against Debtor because he violated violated MRPC 1.6 and 1.9 by bringing a UFTA action and by revealing and using confidential information acquired Debtor during the course of their attorney-client relationships with Defendants.

13. That based upon the findings of the court in the above stated case, the above stated judgments/debts/award of attorney fees in favor of the above creditor and against MARK CHABAN, are not dischargeable under 11 USC 523 (a) due to the fact that this statute provides as follows

> **(a)** A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—

    **(A)** false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

    **(B)** use of a statement in writing—

        **(i)** that is materially false;

        **(ii)** respecting the debtor's or an insider's financial condition;

        **(iii)** on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

        **(iv)** that the debtor caused to be made or published with intent to deceive;

14. That under Bankruptcy Code section 523 (A)(6), that the debt owed by Debtor MARK CHABAN to Creditor BOB WOODWARD is also non dischargeable since the actions of the Debtor which caused the debt/award of sanctions, were found by the state trial judge to be both willful and malicious. Said provision states:

    **(6)** For willful and malicious injury by the debtor to another entity or to the property of another entity;

15. That the circuit court's order for sanctions was not timely appealed to the Michigan Court of Appeals and therefore is a final order under Michigan law.

16. That the findings of Judge Borman are conclusive under the doctrine of res judicata on the issues of misrepresentation, malice, delay, hinderance and fraud committed by this debtor towards this creditor,

see *Hatchett v. U.S.,* 330 F.2d 875, 886 (Sixth Cir., 2003).

*Washington v. Sinai Hospital,* 478 Mich App 412. 418 (2007),

*Hackley v. Hackley,* 426 Mich 582, 586 (1986),  .

**WHEREFORE** Creditors pray that, pursuant to relevant portions of 11 U.S.C. 523, as set forth above, that this Court find and issue a decision finding that:

- A. The debt owed to BOB WOODWARD, is non dischargeable under section 523 of the bankruptcy code,

- B. That the section 162 automatic stay as to creditor shall be lifted as to the claims of the plaintiff.

- C. Award to the Plaintiffs/Creditors both costs and reasonable attorney fees.

### COUNT TWO – CREDITOR'S REQUEST FOR DENIAL OF DISCHARGE DUE TO SUBSTANTIAL AND SIGNFICANT MISREPRESENTATION BY DEBTOR IN HIS BANKRUPTCY SCHEDULES UNDER 11 U.S.C. 727

17. That the above stated creditor/plaintiff incorporates by reference all allegations of count one of this complaint as if they were repeated herein, paragraph by paragraph and word by word.

18. That the creditor has standing to object to discharge under 11 USC 727(c)

19. That in **Schedule "A"** of the debtor's petition, he represented that the value of his real property located at 15046 Hix, Livonia, MI 48152, was $93,000.00.

20. That in fact, the state equalized value (S.E.V.), which is generally less than the fair market value, is $56,680.00, which means that at a minimum, that the property is worth $113,360.00, twenty thousand dollars ($20,000.00) more than claimed on the Debtor's petition

21. That under the Zillow property evaluation website, the property is worth $159,000.00, which is more than $65,000.00 over the amount alleged on the Debtor's petition. A copy of the Zillow evaluation is attached hereto as **Exhibit "D."**

22. That at the first meeting of creditors (section 341 hearing) conducted on September 24, 2014, Debtor stated under oath that he had no real basis for evaluating the subject property at $93,000.00 but simply took the S.E.V. and subtracted some alleged necessary repair work.

23. That in accordance with 11 USC 727:

   (a) The court shall grant the debtor a **discharge, <u>unless</u>—**

   (1) the debtor is not an individual;

   (2) the debtor, with **intent to hinder, delay, or defraud a creditor** or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

   (A) property of the debtor, within one year before the date of the filing of the petition; or

   (B) property of the estate, after the date of the filing of the petition;

   (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be

ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) **the debtor knowingly and fraudulently, in or in connection with the case—**

   (A) **made a false oath or account;**

   (B) presented or used a false claim.

                                      Emphasis added

24. That clearly, the Debtor, with the intent to hinder, delay or defraud creditor, substantially and intentionally misrepresented and undervalued the fair market value of his real property located in Livonia, MI in order to make his ownership interest (equity) exempt from the creditor's claims under the real property exemption found in 11 U.S.C. 522 (d)(1).

25. That the debtor intentionally made a false statement(s) or account(s) in substantially undervaluing his real property in schedule A of his bankruptcy schedules.

26. That the debtor intentionally made a false statement(s) or account(s) regarding his wife's life insurance policy.

**WHEREFORE**, Creditor prays that this Honorable Court issue an order denying the Debtor's discharge under 11 U.S.C. 727 for the reasons set forth above and further award reasonable costs and attorney fees.

                                   /S/ RYAN E. HILL\_\_\_\_\_
                                   RYAN E. HILL P68445
                                   Attorney for Creditor

Dated: October 20, 201

# **EXHIBIT LIST**

Exhibit "A"  August 4, 2014 Sanction award Hearing transcripts.

Exhibit "B"  Affidavit of Creditor Bob Woodward

Exhibit "C"  Chaban vs Rathore, COA # 308326.

Exhibit "D"  Zillow appraisal on Debtor's Residence in Livonia, MI.