```
 1                    STATE OF MICHIGAN
         IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE
 2                      CIVIL DIVISION

 3  BOB WOODWARD,

 4        Plaintiff,
                          Case No.  13-006402 AV
 5  vs.                             13-002928 AV

 6  CHRISTOPHER SCHWARTZ,

 7        Defendant.
    _____/
 8

 9                        MOTION

10

11
         BEFORE THE HONORABLE SUSAN D. BORMAN, Circuit Judge,
12
            Detroit, Michigan on Friday, June 28, 2013.
13

14
    APPEARANCES:
15

16  For the Plaintiff:         RYAN EVAN HILL, P68445
                               CAN-AM Legal Services
17                             407 E. Fort Street, Suite 103
                               Detroit, MI 48226
18                             (313) 962-4954

19

20

21  For the Defendant:         MARK A. CHABAN, P57799
                               Mark Chaban, P.C.
22                             199 North Main Street, Suite 112
                               Plymouth, MI 48170
23                             (734) 454-0770

24

25
```

```
 1                       TABLE OF CONTENTS
                                                        PAGE
 2
     WITNESS:
 3
     None
 4

 5

 6

 7

 8

 9

10

11

12

13

14

15
     EXHIBITS:              IDENTIFIED        RECEIVED
16   None

17

18

19

20

21

22

23

24

25
```

2

```
 1                      Detroit, Michigan

 2                      Friday, June 28, 2013

 3                      Afternoon session - 12:09 p.m.

 4                 - - -

 5          THE COURT:  Okay, Woodward versus Schwartz.

 6          MR. HILL:  Good morning, Your Honor, Ryan

 7     Hill on behalf of Plaintiff.

 8          THE COURT:  Would you rather be seated for

 9     this motion?

10          MR. HILL:  I'm fine.

11          THE COURT:  I see you're on crutches.

12          MR. HILL:  Broken leg, but I'm fine, Judge.

13          THE COURT:  I can't hear you.

14          MR. HILL:  Broken leg, but I'd prefer to

15     stand, Judge.

16          THE COURT:  You prefer to stand?

17          MR. HILL:  I do.

18          THE COURT:  Because I don't have a problem

19     with you remaining seated.

20          MR. HILL:  I'm okay, Judge, thank you

21     though.

22          THE COURT:  Okay.  First of all, the Court

23     dismissed the appeal already because three of the

24     things were untimely.  You all received the Order

25     Dismissing the Appeal, right, yes or no?
```

1        MR. HILL:  Yes, Judge.

2        MR. CHABAN:  Yes.

3        THE COURT:  Okay, so the Court dismissed

4    the appeal.  Three of the things were untimely.  One

5    of them was moot, so that appeal is gone, okay.

6        Now there is another appeal that Defendant

7    made from the District Court -- what is her name?

8        LAW CLERK:  Alicia Jones Coleman.

9        THE COURT:  Yeah, Judge Coleman.  There was

10   a trial I guess on the issue of the Counterclaim and

11   there was a No Cause of Action on that.

12       MR. HILL:  And possession.

13       THE COURT:  And possession was granted.

14       MR. HILL:  A motion for Summary Disposition

15   was granted before the trial.

16       THE COURT:  Okay.  And Defendant is

17   appealing that, okay, that is the only thing that

18   remains.

19       Now, I looked at this appeal bond.  I don't

20   know what a District Court appeal bond looks like,

21   but that does not look like a proper appeal bond.  So

22   what I am going to do is send this case back to Judge

23   Coleman for Judge Coleman to set a proper appeal bond

24   in this case.  And Defendant Appellant is going to be

25   responsible for presenting this to this court, and

4

```
1        you have to do this immediately.  But you have no

2        later than 21 days to present a proper appeal bond to

3        this court or this appeal will be dismissed.

4              Now, I can't say that I'm familiar with

5        what a District Court appeal bond looks like, but

6        this doesn't look proper to me.  It's a personal

7        bond.  No money was put up.  There is no surety, and

8        it doesn't seem to conform with the Court Rules.  So

9        this needs to go back to Judge Coleman herself to set

10       the appeal bond because she is the judge who's

11       familiar with this case.

12             So if I don't have a proper appeal bond

13       within 21 days, this second appeal is going to be

14       dismissed.

15             MR. HILL:  Judge, that takes care of two.

16       Actually we have four motions up today.

17             THE COURT:  I know and I'm going to get to

18       them.

19             MR. HILL:  Okay, I'm sorry, Judge.

20             THE COURT:  Okay.  But that has to do with

21       the appeal bond.  That was one of your issues,

22       correct?

23             MR. HILL:  Thank you.  Yes, Judge.

24             THE COURT:  And you're going to have to

25       speak up.
```

```
 1                    MR. HILL:  I'm sorry.

 2                    THE COURT:  My ears are entirely plugged.

 3                    MR. HILL:  The only thing I would ask is

 4          the Order -- and we'll draft it and it specifically

 5          should say that 36 District Court has jurisdiction.

 6                    THE COURT:  You're going to make up the

 7          Order.

 8                    MR. HILL:  Thank you, Judge.  Next issue,

 9          I'm sorry.

10                    THE COURT:  And he's going to initial it

11          that it agrees with what the Court's ruled.

12                    MR. HILL:  Thank you, Judge.

13                    THE COURT:  Okay, and you're not going to

14          leave until I see this Order.

15                    MR. HILL:  I promise you I'm not going to

16          leave.

17                    THE COURT:  Okay.  All right, so let's go

18          on to your -- now you have a motion for Sanctions.

19                    MR. HILL:  I have a motion for a Vexatious

20          Appeal.

21                    THE COURT:  Let's start with that.

22                    MR. HILL:  That relates to the appeal --

23                    THE COURT:  Okay, I think the motion is

24          well taken, so I'd like to hear Defendant's response

25          to that.
```

```
 1              MR. CHABAN:  Well, in short, a Vexatious
 2      Appeal Sanction is for delay and --
 3              THE COURT:  That's what this was.
 4              MR. CHABAN:  But --
 5              THE COURT:  You did not have any proper
 6      grounds for your appeal, and that's why it was
 7      dismissed summarily by the Court.
 8              MR. CHABAN:  At the time it was filed, I
 9      had a proper appeal for the Counterclaim.  You
10      dismissed the Counterclaim as moot because it was
11      settled after I filed the appeal.
12              THE COURT:  No, the Court sent it back to
13      District Court because it was apparent to the Court
14      that the Counterclaim didn't reach the Court's
15      jurisdiction.  Then you had a motion -- then you
16      appealed the denial of the Counterclaim, but again
17      you then filed a Counterclaim in District Court which
18      was in fact heard.  That's the subject of the second
19      appeal.  I'm not making any ruling as to that, but
20      I'm saying as to the first appeal, it appears to the
21      Court that this was vexatious.
22              MR. CHABAN:  At the time that I filed the
23      appeal, there was no Counterclaim pending.  And my
24      only proper remedy was to file the appeal to protect
25      that.  Later --
```

```
 1                THE COURT:  What were you appealing?

 2                MR. CHABAN:  The denial of the --

 3                THE COURT:  I can't hear you.  My ears are

 4        plugged.  I've been sick all week.  You're going to

 5        have to speak up if you want me to hear you.

 6                MR. CHABAN:  The denial of the Counterclaim

 7        merely because the Complaint had been dismissed.

 8                THE COURT:  I didn't hear you.

 9                MR. CHABAN:  The denial of the Counterclaim

10        or the dismissal of the Counterclaim based upon only

11        the dismissal of the Complaint.

12                THE COURT:  That doesn't make sense to me.

13        It does not make sense to me.  What were the bases of

14        your appeal in your original appeal because three of

15        them were untimely, and the third one was moot, okay.

16                MR. CHABAN:  Fourth.

17                THE COURT:  Okay, so maybe it wasn't moot

18        at the time, but it became moot, but the three

19        original bases of appeal were vexatious and brought

20        for the purpose of delay.  You knew that they were

21        untimely.  You know what the Court Rules are.  I

22        presume you know what the Court Rules are, and so

23        that was vexatious and brought for the purposes of

24        delay.

25                MR. HILL:  Judge, may I say one thing?
```

```
 1                    THE COURT:  You've got to speak up if you
 2          want to say it.
 3                    MR. HILL:  I'm sorry.  May I say one thing?
 4          Just for the record I'd like to incorporate my Brief
 5          into --
 6                    THE COURT:  You're not speaking up?
 7                    MR. HILL:  For the record I'd like to
 8          incorporate my Brief for the transcript.
 9                    THE COURT:  The what?
10                    MR. HILL:  I'd like my Brief to be
11          incorporate in the record, that's all.
12                    THE COURT:  What Brief?
13                    MR. CHABAN:  The one I filed because I know
14          Mr. Chaban's going to appeal this.  And I have
15          attached --
16                    THE COURT:  Well, you'll attach it when you
17          respond.  I can't incorporate it into the record.
18                    MR. HILL:  I understand that, Judge.
19                    THE COURT:  It's part of the record.
20                    MR. HILL:  Secondly, Judge --
21                    THE COURT:  No, that's not possible.
22          You'll present that to the Court of Appeals.
23                    MR. HILL:  The relief I'm requesting, I
24          don't know if I have to go over it but I did --
25                    THE COURT:  I said I think it is a
```

9

1    vexatious appeal.

2              MR. HILL:  Okay.

3              THE COURT:  And I think that the relief

4    that you're entitled to is all your attorney fees

5    that you actually charged your client.

6              MR. HILL:  Which is $6,448.75.  However,

7    there is an issue of punitive damages if the Court

8    deems it vexatious.  I'm entitled to that amount.  So

9    that would be $12,897.50.  That's what I'm

10   requesting, Judge.

11             THE COURT:  Okay, let's go on to the next

12   issue.  At least you're going to get your attorney

13   fees.

14             MR. HILL:  Thank you, Judge.

15             THE COURT:  For a vexatious appeal.

16             MR. HILL:  Thank you, Judge.

17             THE COURT:  At the very least.  So the next

18   part then is --

19             MR. HILL:  The next motion --  well, you've

20   disposed of the bond.  We requested that the Court

21   because it does have authority to set a bond.

22             THE COURT:  I sent it back to the District

23   Court to set a proper bond.

24             MR. HILL:  Perfect.

25             THE COURT:  First of all, it appears that

10

```
1          the parties at the time they were before the District

2          Court agreed that they needed to have a hearing on

3          the bond.

4                    MR. HILL:  We did.

5                    THE COURT:  Now, what happened?  I didn't

6          see a record. Did she set a hearing?

7                    MR. HILL:  No, what happened, Judge, is

8          that Mr. Chaban --

9                    THE COURT:  Well, he went ahead and filed a

10         bond.

11                   MR. HILL:  Yes, because the first appeal,

12         the Court Rules says the District Court has to set

13         the bond.  Mr. Chaban refused to pay the first bond

14         which is a basis for a dismissal itself.

15                   MR. CHABAN:  I'm --

16                   MR. HILL:  Let me finish, please.

17                   The second bond instead of waiting for a

18         hearing date, he filed a personal bond to circumvent

19         the Court Rule.  That's exactly what he did.  But

20         that's already been decided.  It was going back to

21         36th District Court.

22                   I'd like to move onto my Injunctive Relief

23         motion, Judge.

24                   THE COURT:  But I just want to ask Mr.

25         Chaban, am I pronouncing your name properly?
```

11

```
 1              MR. CHABAN:  Close, it's Chaban.

 2              THE COURT:  Chaban.  Where did you come up

 3      with the bond?  Did the court say you could do a

 4      personal bond?  I mean, that bond does not look

 5      proper to this court.  Under what Court Rule would

 6      that bond come under?  I'm going to let you speak to

 7      it.

 8              MR. CHABAN:  I filed a bond.

 9              THE COURT:  Why didn't you have the

10      District Court --

11              MR. CHABAN:  We had a hearing.

12              THE COURT:  You had a hearing.

13              MR. CHABAN:  It was on the schedule.  There

14      was no --

15              THE COURT:  What, say that again.

16              MR. CHABAN:  It was on the schedule.

17              THE COURT:  Well, how could you have a

18      hearing if it wasn't scheduled?

19              MR. CHABAN:  We were scheduled for a motion

20      for sanctions.  While we were there, I notified the

21      Judge that a stay was in place.  We argued --

22              THE COURT:  A stay issued by whom?

23              MR. CHABAN:  It's automatic.  We argued --

24              THE COURT:  No, it's not automatic.  It

25      only becomes in effect when a proper bond is filed.
```

```
 1          No bond had been filed.  Nobody issued a stay.  I

 2          didn't issue a stay.  The Court of Appeals didn't

 3          issue a stay.  In fact, they dismissed your appeal.

 4          And the District Court didn't issue a stay.  And if

 5          she did, I want to see it.

 6                    MR. HILL:  Judge, there was no stay.

 7                    THE COURT:  I'm not talking to you.

 8                    MR. HILL:  I'm sorry, Judge.

 9                    THE COURT:  I'm talking to Mr. Chaban.

10                    MR. HILL:  I'm sorry, Judge.

11                    MR. CHABAN:  We argued for four hours on

12          the 5th of June before Judge Coleman.

13                    THE COURT:  Before who?

14                    MR. CHABAN:  Judge Coleman, the trial judge

15          in the second case.

16                    THE COURT:  Okay.  The 5th of June before

17          Judge Coleman.

18                    MR. CHABAN:  Yes.

19                    THE COURT:  Was that at the time that when

20          she gave No Cause of Action on the Counterclaim?

21                    MR. CHABAN:  No, that was a week later, two

22          weeks later.

23                    THE COURT:  Okay, so --

24                    MR. CHABAN:  After the appeal had been

25          filed.
```

```
 1                    THE COURT:  So you argued for four hours in
 2          front of her?
 3                    MR. CHABAN:  For four hours at which point
 4          she --
 5                    THE COURT:  This was on the record?
 6                    MR. CHABAN:  It was on the record.
 7                    THE COURT:  Were you there?
 8                    MR. HILL:  Yeah, but it was a motion for
 9          sanctions.  It was not a motion for bond, Judge, just
10          so you're aware.
11                    MR. CHABAN:  We argued about bond.
12                    THE COURT:  Was bond addressed?
13                    MR. CHABAN:  Yes.
14                    THE COURT:  Okay, can I see the transcript,
15          please.
16                    LAW CLERK:  I have it.
17                    THE COURT:  And show me in the transcript
18          where the bond was addressed, okay.
19                    MR. HILL:  Judge, may I shed some light on
20          this?
21                    THE COURT:  What?
22                    MR. HILL:  May I shed some light on this?
23                    THE COURT:  Only if you speak loud enough
24          for me to hear.
25                    MR. HILL:  I will, I'm sorry, Judge.
```

                                                            14

```
 1              THE COURT:  What's the page number?

 2              MR. CHABAN:  Those are trial transcripts.

 3      This is June 5th.  It's not in those transcripts.

 4              THE COURT:  Okay, well, I need to see it

 5      where she said it.

 6              MR. HILL:  The bottom line is, Judge, Judge

 7      Coleman said I'm not giving you a stay at that date.

 8      I'm sorry, I'm not giving you a stay.  We started the

 9      eviction.  Mr. Chaban --

10              THE COURT:  Are you claiming that Judge

11      Coleman gave you a stay, yes or no, yes or no?

12              MR. HILL:  On that date.

13              MR. CHABAN:  I can't answer that, Judge.

14              THE COURT:  Just give me a yes or no. On

15      June 5th did Judge Coleman issue a stay?  That's a

16      yes or no question.

17              MR. CHABAN:  No, she didn't.

18              THE COURT:  Okay.

19              MR. HILL:  We proceeded forward with the

20      eviction.  Officer Gregory --

21              THE COURT:  I read that already.  Did Judge

22      Coleman on the date of June 5th set a bond, yes or

23      no?

24              MR. CHABAN:  She ruled that she would not

25      strike my bond.
```

|    |                                                          |
|----|----------------------------------------------------------|
| 1  | MR. HILL:  That is a complete fabrication.               |
| 2  | MR. CHABAN:  Then get the transcript.                    |
| 3  | THE COURT:  Okay, you need to go get that                |
| 4  | transcript and show it to me.  You need to get that      |
| 5  | transcript.                                              |
| 6  | MR. HILL:  He ordered it.                                |
| 7  | THE COURT:  What, do you have a copy?                    |
| 8  | MR. HILL:  No, he ordered the transcripts.               |
| 9  | MR. CHABAN:  I didn't order them.                        |
| 10 | THE COURT:  Well, then I'm not accepting                 |
| 11 | it.                                                      |
| 12 | MR. CHABAN:  Judge, on the other item.                   |
| 13 | THE COURT:  In any event I'm sending it                  |
| 14 | back to the -- are you saying she did not set a bond?    |
| 15 | MR. HILL:  Judge, this is exactly what her               |
| 16 | ruling was.  I'm denying your request to stay the        |
| 17 | eviction.  We picked the date.  We gave him an extra     |
| 18 | 30 days.  They were supposed to be out by May 31st.      |
| 19 | That was the date that Mr. Chaban picked.  And then      |
| 20 | we got the bailiff.  We paid the fees.  My client        |
| 21 | paid close to $4,000 for the eviction.  And then Mr.     |
| 22 | Chaban threatened the court officer and the Court at     |
| 23 | 36th District Court.                                     |
| 24 | THE COURT:  How do you know that?  Were you              |
| 25 | there?                                                   |

16

```
 1                    MR. HILL:  I was there.  I was actually at
 2           the --
 3                    THE COURT:  Unless it's something that you
 4           heard and witnessed.
 5                    MR. HILL:  I understand, Judge.
 6                    THE COURT:  I don't want to hear it.
 7                    MR. HILL:  Either way, it's going back to
 8           36, I'm fine with that.
 9                    THE COURT:  Just continue what you were
10           saying.
11                    MR. HILL:  Okay.  At that --
12                    THE COURT:  So was there a stay in effect
13           at this time?
14                    MR. HILL:  Now yes.  After they were
15           physically removed --
16                    THE COURT:  May I see the document that
17           stays it.
18                    MR. HILL:  There is none.
19                    THE COURT:  May I see.  The court speaks
20           through its written orders.  If the judge didn't sign
21           a stay, there is no stay.
22                    What does your client want?
23                    MR. HILL:  That's not my client.
24                    THE COURT:  Is that your client?
25                    MR. HILL:  It's my law clerk.  He's helping
```

                                                                      17

```
 1        me get around, Judge.  I'm sorry.

 2                   THE COURT:  Does he have a copy of the

 3        stay?

 4                   MR. HILL:  May I ask him, Judge.

 5                   (Off the record)

 6                   (On the record)

 7                   MR. HILL:  I'm sorry, Judge.

 8                   THE COURT:  Is there a stay signed by the

 9        District Court Judge, yes are no?

10                   MR. HILL:  No.

11                   THE COURT:  Well, the court speaks through

12        its written orders.  If there's no Order for a stay,

13        then there's no stay.

14                   MR. CHABAN:  Judge, I would refer you to

15        Judge Coleman's Brief that she filed in the Court of

16        Appeals for superintendant control.

17                   THE COURT:  I can't hear you.

18                   MR. CHABAN:  In Judge Coleman's --

19                   THE COURT:  I don't have her Belief.  How

20        would I have her Brief?

21                   MR. CHABAN:  She served you.

22                   THE COURT:  No, nobody served me.  Nobody,

23        even though you went to the Court of Appeals and told

24        them that under oath that you had personally served

25        me, that was not true.  That was a fabrication.  And
```

```
 1          I signed an affidavit which was then filed in the
 2          Court of Appeals, and that was a total fabrication.
 3          I don't know how you can go to the Court of Appeals
 4          and say that.  And you're telling me that Judge
 5          Coleman served me with something.  Judge Coleman
 6          didn't serve me with anything.  She wouldn't serve me
 7          with anything.  You swore that you personally served
 8          me, which was a lie.
 9                    MR. CHABAN:  For the record, Judge --
10                    THE COURT:  I don't know how you have the
11          gall to fabricate these things.
12                    MR. CHABAN:  I'll let the documents speak
13          for themselves.
14                    THE COURT:  In any event, let's just move
15          on.
16                    MR. CHABAN:  Judge Coleman's Brief in the
17          Court of Appeals stated that she recognized that
18          there was a bond in the file, that she had
19          erroneously directed --
20                    THE COURT:  But that was not this appeal.
21          That was the previous appeal.
22                    MR. CHABAN:  No, in this appeal.
23                    THE COURT:  Well, do you have a copy of
24          that?
25                    MR. CHABAN:  Yes, I do.
```

```
 1                    MR. HILL:  I can explain if you want me to,
 2          Judge.
 3                    THE COURT:  If you want to.
 4                    MR. HILL:  It's very simplistic.  Judge,
 5          she refused to give a stay.  Mr. Chaban then went to
 6          the court threatening litigation.
 7                    THE COURT:  Went to what court?
 8                    MR. HILL:  36th District Court.  He
 9          actually told the court officer -- I can't get into
10          that, I'm sorry.  This is what happened.  Judge
11          Coleman after the first day halted the physical
12          eviction because Mr. Chaban quoted a Court Rule
13          saying that once it's sent -- once there's an appeal
14          filed, the District Court doesn't have jurisdiction
15          anymore.
16                    THE COURT:  That's not true.
17                    MR. HILL:  I understand that, Judge.
18                    THE COURT:  Once a valid appeal bond is
19          filed.
20                    MR. HILL:  Yes.
21                    THE COURT:  Then it's stayed.
22                    MR. HILL:  Yes, Judge.
23                    THE COURT:  I don't think that any valid
24          appeal bond was filed, so it wasn't proper for any
25          stay.
```

```
 1              MR. CHABAN:  I attached a copy.

 2              MR. HILL:  Judge, may I put that in the

 3     Order?

 4              THE COURT:  Wait a minute.  One person at a

 5     time.

 6              MR. HILL:  May I put that in the Order,

 7     Judge?

 8              THE COURT:  What?

 9              MR. HILL:  May I put that in the Order so

10     that way we can actually get physical possession of

11     the property?

12              THE COURT:  Put what in the Order?

13              MR. HILL:  The bond isn't sufficient and

14     the stay is lifted.

15              THE COURT:  I don't know that -- I'm

16     sending it back to her where it properly belongs.  So

17     don't be putting it in my Order deciding what she's

18     going to have to decide.

19              MR. HILL:  That's fine.

20              Can we move on to the injunctive relief?

21              MR. CHABAN:  Judge?

22              THE COURT:  What did you want to say in

23     regard to that, go ahead.

24              MR. CHABAN:  I attached to my Response to

25     the motion which we're about to hear for Injunctive
```

```
 1            Relief.  I attached a copy of Judge Coleman's Brief
 2            in the Court of Appeals.
 3                      THE COURT:  Wait a minute.  Wait a minute.
 4            I don't think so.  You're going to show me where it
 5            is because I don't --
 6                      LAW CLERK:  It came at 3:40 yesterday.
 7                      THE COURT:  When?
 8                      LAW CLERK:  At 3:40 yesterday.
 9                      THE COURT:  At 3:40 yesterday, okay.  I
10            don't see it, and it's not attached.
11                      MR. CHABAN:  If you go to the attached
12            Brief of Judge Coleman and Hanson, then on the bottom
13            of page two and the top of page three she states --
14                      THE COURT:  Wait a minute.  Where do you
15            claim this is?
16                      MR. CHABAN:  In their Belief, not my Brief.
17                      THE COURT:  So this the District Court's
18            Response to your motion for superintending control
19            which included me and the District Court judge's of
20            which the Court of Appeals has dismissed summarily
21            obviously of having no merit.
22                      MR. HILL:  That's correct.
23                      THE COURT:  What page are we talking about?
24                      MR. CHABAN:  Page two.
25                      THE COURT:  Page two where?
```

```
 1              MR. CHABAN:  The last sentence.

 2              THE COURT:  On May 23rd, is that where it

 3       starts?

 4              MR. CHABAN:  That's the paragraph, yes.

 5              THE COURT:  Okay, I'm going to read it.

 6       "On May 23rd, 2013 the Claim of Appeal was recorded

 7       on the Register of Actions in 36th District Court.

 8       No indication of the posting of a bond appears on the

 9       Register of Actions.  An Order of Eviction was issued

10       on June 4th, 2013.  On June 5th, 2013, written and

11       oral motions made for sanctions and escrow and for a

12       stay were heard and denied."  Okay, so I don't see

13       anything about appeal bond.

14              "Shortly thereafter the court officer was

15       notified to start the eviction and did so. However,

16       before completion he was advised by 36th District

17       Court to halt the eviction because through telephone

18       communications the court was made aware that

19       petitioner Schwartz had posted a bond along with his

20       appeal."

21              Is that this personal bond that we're

22       talking about here?

23              MR. HILL:  Yes, Judge.

24              MR. CHABAN:  The bond.

25              MR. HILL:  It's the personal bond.  Yes,
```

```
 1        Judge.

 2                THE COURT:  Okay, so I don't think that's a

 3        proper bond.

 4                MR. CHABAN:  It's a bond.  And the Court

 5        Rules cites a bond and it was not --

 6                THE COURT:  No, the Court Rules does not

 7        cite a bond.  I will read you the Court Rules.

 8                MR. CHABAN:  And it was not --

 9                THE COURT:  The Court Rules sets certain

10        things about the bond and it has to be a bond ordered

11        by the court.  That bond was not ordered by the

12        court.  That is not a proper bond.

13                MR. CHABAN:  And that was the point --

14                THE COURT:  And you tell me if Judge

15        Coleman ordered that bond and if she did, show me the

16        transcript where she ordered that bond, because it's

17        apparent she had never even seen that bond.

18                MR. CHABAN:  And that was the point to my

19        emergency motion was that the Court Rules required

20        her to sign that bond.  No proper --

21                THE COURT:  No, they don't.

22                MR. CHABAN:  Yes, they do.

23                THE COURT:  It has to be a bond ordered by

24        the court.  She didn't order that bond.

25                MR. HILL:  Judge, may I say something?
```

```
 1                   THE COURT:  Your interpretation of the
 2          Court Rules is fanciful to say the least.
 3                   MR. CHABAN:  Well, we went through that for
 4          four hours on the 5th.  And at the end of that
 5          discussion she agreed that the bond was proper.  No
 6          objections had been filed.
 7                   THE COURT:  Is that correct?
 8                   MR. HILL:  No, Judge --
 9                   THE COURT:  She agreed that the bond was
10          proper?
11                   MR. HILL:  The judge said I'm denying your
12          stay.  And what I find humorous is that Mr. Chaban
13          made -- and the transcripts will show this, he said
14          we don't need to post any money.
15                   THE COURT:  Well, how come neither one of
16          you is here with any transcripts --
17                   MR. HILL:  It's not my appeal, Judge.
18                   THE COURT:  -- to look at?
19                   MR. HILL:  It's not my appeal, Judge.
20                   THE COURT:  But you're the one that has a
21          problem with the bond.
22                   MR. CHABAN:  The order of the --
23                   MR. HILL:  May I finish, Your Honor?
24                   THE COURT:  You can't both talk at once.
25                   MR. HILL:  May I finish?
```

```
 1              THE COURT:  Yes, you may finish.

 2              MR. HILL:  Mr. Chaban made an argument that

 3      he did not have to post any money.  A personal bond

 4      was sufficient, okay.  After Judge Coleman said I'm

 5      not giving you a stay, he turned around and used my

 6      exact argument saying, well, if you're going to do

 7      that, Judge, the Court Rule requires you to at least

 8      set an escrow.  Can you give us an amount.  So he

 9      literally turned his whole argument around, and

10      that's the reason why he hasn't ordered the

11      transcripts.  Just for the Court to be aware.

12              MR. CHABAN:  At which point the judge said

13      I'm not going to order an escrow because this court's

14      already holding $6,600.00 of Defendant's money.

15              THE COURT:  Okay, you know, the more I

16      hear, the more I'm thinking that maybe punitive

17      damages might be appropriate in this case.

18              MR. HILL:  Can I renew that motion, Judge?

19              THE COURT:  Read me what?

20              MR. HILL:  Renew my request for punitive?

21              THE COURT:  No, no.

22              MR. HILL:  Okay, may I proceed?

23              THE COURT:  Not at the moment.  Just a

24      second.  Can we finish with one thing at a time

25      without you jumping onto something else.
```

```
 1              MR. HILL:  I'm sorry, Judge.

 2              THE COURT:  Okay, I am sending this back to

 3       Judge Coleman.  If you don't have a proper appeal

 4       bond which you present to this court within 21 days,

 5       I am dismissing that appeal which appears not to have

 6       much merit anyway.  This was a ruling by the court

 7       after she heard all your testimony.  It's based on

 8       factual determinations and she was the trier of fact.

 9       I don't know what error you're going to come up with,

10       but I'm not ruling on that now, but you need to have

11       a proper appeal bond.  And I want to see it within 21

12       days, and 21 days from today is, it is --

13              LAW COURT:  The 19th, July 19th or the

14       12th.

15              THE COURT:  No, June has been torn off.

16              LAW CLERK:  I am sorry about that.

17              THE COURT:  So today is the 28th, so the

18       19th.  And you can put that in an Order.

19              MR. HILL:  I will, Judge.

20              THE COURT:  Okay, so let's move on to the

21       next one.

22              MR. HILL:  The last issue I have is my

23       motion to --

24              THE COURT:  So what was -- well, the issue

25       we just did?
```

```
 1                MR. HILL:  That basically you knocked two
 2       of them out.  Bond and the dismissal of the Claim of
 3       Appeal.
 4                THE COURT:  I can't hear you.
 5                MR. HILL:  Bond, the bond motion and the
 6       dismissal.
 7                THE COURT:  Okay, I'm going to dismiss the
 8       case if I don't have a proper bond.
 9                MR. HILL:  Yes, good.
10                THE COURT:  That's posted within 21 days.
11                MR. HILL:  The last issue, Judge, is my
12       motion for Injunctive Relief.  May I proceed on that,
13       Judge?
14                THE COURT:  For what?
15                MR. HILL:  Well, this is what's happened.
16       I sent --
17                THE COURT:  If she didn't issue a stay, I
18       think you need to go in and board up that house.
19                MR. HILL:  We did.  Let me finish, please
20       Judge.  This is what happened.  I sent an e-mail to
21       Mr. Chaban on the 18th saying are your clients still
22       living there.  It's vacant.  The windows are smashed.
23       He says, yes, they're still living there.  I have the
24       e-mail.  We still have possession.  So I said -- I
25       begged him for three days.  The home's getting
```

```
1        trashed.  As you know Marathon Oil is going to make
2        an offer to purchase this based on the appraisal.
3        His client or somebody is going in there and trashing
4        it.  I begged him.  Finally he allowed me at my
5        client's expense of $1,400.00, we boarded it up.
6                THE COURT:  Is that your client in the
7        audience?
8                MR. HILL:  My clerk is there.  We boarded
9        the property up with the agreement that listed my
10       client's not going to go in there.  What we're going
11       to do is we're going to board it up.
12               THE COURT:  So you've done it?
13               MR. HILL:  Yes.
14               THE COURT:  I was going to suggest that you
15       do that.
16               MR. HILL:  But, Judge, he cut the lock.  He
17       told his client to cut the lock.  He's back in there.
18               THE COURT:  How do you know that?  Were you
19       there when he told his client?
20               MR. HILL:  I got an e-mail saying that he
21       cut the lock.
22               THE COURT:  What?
23               MR. HILL:  I have an e-mail --
24               THE COURT:  An e-mail to you from whom?
25               MR. HILL:  Mr. Chaban saying he advised his
```

29

```
 1        client --
 2                    THE COURT:  To you?
 3                    MR. HILL:  To me saying and it's in his
 4        Exhibit D saying I advised my client to cut the lock.
 5        Now he's in there removing bathtubs.
 6                    THE COURT:  No, no.
 7                    MR. HILL:  He's moving toilets.
 8                    THE COURT:  Are you serious?  Did you
 9        advise your client to cut the lock?
10                    MR. CHABAN:  We're in possession.
11                    THE COURT:  Yes or no?
12                    MR. CHABAN:  We're in possession.
13                    THE COURT:  No, you're not.  The judge did
14        not issue a stay.  You had no right to do that.
15                    MR. CHABAN:  The eviction was not
16        happening.
17                    THE COURT:  Okay, I'll give you an
18        injunction.  You and your client are to stay away
19        from that home.
20                    MR. CHABAN:  Judge, under what --
21                    MR. HILL:  May I retain the keys, Judge.
22        If I keep keys, my client will not step foot in
23        there.  I will maintain the keys in my office, is
24        that okay?
25                    THE COURT:  Fine.
```

1            MR. HILL:  Thank you, Judge.  I'll make an
          2      order.
          3            MR. CHABAN:  Under what authority are we
          4      granting an injunction?
          5            THE COURT:  The fact that the court never
          6      issued a stay on the eviction.
          7            MR. CHABAN:  But --
          8            THE COURT:  She never stayed it.  It should
          9      have gone forward.
         10            MR. CHABAN:  But you're granting the
         11      injunction under 4.201, a District Court order?
         12            THE COURT:  I can't hear you.
         13            MR. CHABAN:  You're granting the injunction
         14      under 4.201?
         15            THE COURT:  What is 4.201?
         16            MR. CHABAN:  The District Court's Court
         17      Rule under which the plaintiff asked for an
         18      injunction.
         19            THE COURT:  Okay, I have to read that.
         20      Just a minute.  I have to read that because you're
         21      trying to box me into something here and I'm not
         22      going to answer that question until I know what I'm
         23      granting this injunction on these facts.  The fact
         24      that the District Court did not issue a stay; that
         25      the eviction should have gone forward; that

```
 1              apparently you told your client to cut the locks.

 2              That was improper and on that basis, on the basis of

 3              irreparable harm, I'm granting the injunction.

 4                        MR. HILL:  Thank you, Judge.  I'll put it

 5              in an order.

 6                        THE COURT:  That's the basis.  I don't know

 7              what Court Rule you're talking about.

 8                        MR. CHABAN:  I'd like to know the

 9              jurisdictional basis.

10                        THE COURT:  Pardon me?

11                        MR. CHABAN:  What gives an appellate court

12              jurisdiction to grant an injunction?

13                        THE COURT:  Circuit Court has jurisdiction

14              to issue injunctions.

15                        MR. CHABAN:  And the trial court.

16                        THE COURT:  I don't know that the District

17              Court has that authority, but I certainly know that

18              the Circuit Court does.

19                        MR. CHABAN:  It's all in my Brief.

20                        MR. HILL:  Judge, MCR 7.216, just for the

21              Court's --

22                        THE COURT:  What?

23                        MR. HILL:  MCR 7.216.

24                        THE COURT:  Is that the Court Rule he was

25              talking about?
```

32

```
 1                MR. HILL:  No, that's --

 2                MR. CHABAN:  That's a Court of Appeal's

 3        Court Rule.

 4                MR. HILL:  Which applies to Circuit Court.

 5        Thank you, Your Honor, I'll draft an order.

 6                THE COURT:  Well, in this case -- just a

 7        second.  In this case this Court is acting as a Court

 8        of Appeals.  The last I heard you're making appeals

 9        from the District Court rulings.

10                I thought there was one other matter to be

11        decided.

12                MR. HILL:  The emergency motion from Mr.

13        Chaban.

14                MR. CHABAN:  My motion for --

15                THE COURT:  For what?

16                MR. CHABAN:  My emergency motion that was

17        filed three weeks ago.

18                THE COURT:  To do what?

19                MR. CHABAN:  To strike the Order of June

20        5th which refused to recognize the automatic stay.

21                MR. HILL:  It's moot now.  It's moot now,

22        Judge, based on your rulings.

23                THE COURT:  There isn't an automatic stay

24        because you didn't file a proper appeal bond, so

25        there was never an automatic stay.
```

```
 1              MR. HILL:  I'll draft the Orders.  Thank
 2      you, Your Honor.
 3              MR. CHABAN:  Oh, Judge, one other item.
 4              THE COURT: Yes.
 5              MR. CHABAN:  To the attorney fees, I object
 6      because there's no Bill of Particulars.  There's no
 7      affidavit.
 8              THE COURT:  Okay, I will ask him to file a
 9      Bill of Particulars.
10              MR. HILL:  No problem.
11              THE COURT:  Stating what you did it; the
12      hours you spent doing it; the rate, you know, what
13      the case --
14              MR. HILL:  It's in my exhibit, Judge.
15              THE COURT:  Okay, well, I haven't had a
16      chance to go over it.
17              MR. HILL:  It's in my exhibit.
18              THE COURT:  I didn't see it.  What exhibit
19      is it?
20              MR. HILL:  It's Exhibit --
21              MR. CHABAN:  I or J. It's just a bill.
22              MR. HILL:  Yeah, it's a bill.
23              THE COURT:  Is this a bill that you charged
24      your clients?
25              MR. HILL:  Yes, Judge.
```

```
 1              THE COURT:  Well, do you want to find it.

 2              MR. HILL:  I have a copy right here.  It's

 3      Exhibit J,. And that is just for appeal number one,

 4      Judge.

 5              THE COURT:  Well, what are you taking issue

 6      with?

 7              MR. CHABAN:  I'm taking issue first with

 8      the amount.  All he did is filed a Brief.

 9              THE COURT:  What do you mean all he did?

10      What do you mean all he did?  This case has been here

11      numerous times.

12              MR. CHABAN:  Oh, no, this is for the appeal

13      only.

14              THE COURT:  I know that.

15              MR. CHABAN:  This is from the time that the

16      appeal was filed on --

17              THE COURT:  No, he --

18              MR. CHABAN:  In February until now.

19              THE COURT:  No, he's entitled to -- he's

20      had consultation with client.  He's certainly

21      entitled to bill for that.  Research and response for

22      motion to recuse.  He's allowed to bill for that.

23      Motion to dismiss appeal.  He's allowed to bill for

24      that.  Motion to --

25              MR. CHABAN:  Under Smith v Cory, I object
```

```
1          to the bill.  It doesn't have an Affidavit in
2          Support, and it doesn't have any of the underlying
3          required documents.
4                    THE COURT:  I can't hear you.
5                    MR. CHABAN:  Smith V Cory has 11 elements
6          that have to be reviewed by the court.  It's
7          mandatory.
8                    THE COURT:  Which case?
9                    MR. CHABAN:  Smith v Cory.
10                   THE COURT:  Well, there's a seminal case
11         that I don't think it's Smith versus Cory.
12                   MR. CHABAN:  It is a seminal case on
13         attorney fee disputes.
14                   THE COURT:  Okay, but I'm reviewing it.
15         I'm reviewing it right now.  What do you think I'm
16         doing?  I'm reviewing it because I don't find that
17         his rate is excessive, that's number one.  He's been
18         here numerous times.  Seven hours on research for
19         appeal.  I don't find that to be excessive.
20         Appearance fee for disqualification, an hour and
21         three quarters.  That's certainly not excessive
22         because sometimes attorneys are waiting around here
23         for three and four hours.  Client meeting, less than
24         an hour.  I mean, I don't find that these things are
25         excessive at all.  I think his attorney fees here are
```

36

```
 1          perfectly reasonable.

 2                      MR. HILL:  Thank you, Your Honor.

 3                      THE COURT:  And I approve them.

 4                      MR. HILL:  Thank you, Judge.

 5                      THE COURT:  And you knew he was submitting

 6          it and you didn't submit anything in opposition other

 7          than saying you were opposed.

 8                      MR. HILL:  Thank you, Your Honor.

 9                      THE COURT:  Okay, so those will stand.  And

10          you're going to have to fill out an order right now.

11                      MR. HILL:  My question is, is Mr. Chaban

12          going to give me the keys?

13                      THE COURT:  Does he have the keys?

14                      MR. HILL:  Can you get them so I don't have

15          contact with his client.

16                      THE COURT:  If you or your client have the

17          keys, they have to be turned over to counsel within

18          24 hours.

19                      MR. HILL:  Thank you, Your Honor.

20                      MR. CHABAN:  Thank you.

21                      (Proceeding concluded 12:41 p.m.)

22

23

24

25
```

```
 1              C E R T I F I C A T E

 2

 3   STATE OF MICHIGAN )
                      ) .ss
 4   COUNTY OF WAYNE  )

 5

 6              I do certify that this transcript
     consisting of these pages are a complete, true, and correct

 7   transcript of the proceeding taken in this case in the County

 8   of Wayne, State of Michigan on Friday, June 28, 2013.

 9

10

11

12

13

14

15

16

17              _____
                Marge Bamonte, R-5518
18              Official Court Reporter
                CAYMC Building, Room 1111
19              Detroit, MI 48226
                (313) 224-5243
20

21

22

23

24

25
```