UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

MARK ANTHONY CHABAN,

         Debtor.
_____/

Case No.: 14-52133-wsd
Chapter 7
Hon. Walter Shapero

BOB WOODWARD
         Plaintiff,

v.

MARK ANTHONY CHABAN,

         Defendant.
_____/

Adv. Pro. No. 14-05100

**OPINION INCIDENT TO CROSS MOTIONS FOR SUMMARY JUDGMENT**

Introduction

Plaintiff Bob Woodward ("Woodward") filed this action against Debtor-Defendant Mark Chaban ("Chaban") for nondischargeability of debt pursuant to 11 U.S.C. § 523(a) and denial of discharge pursuant to § 727. Before the Court are cross motions for summary judgment (Dkt. 21, 24).

Background

The salient background of what is before this Court is that there was a landlord-tenant action in the Wayne County Circuit Court ("State Court") in which the landlord, Woodward, was the plaintiff. Christopher Schwartz ("Schwartz") was the tenant and the defendant in that case and Chaban, his brother-in-law, was his attorney. A result of that action was an eventual monetary judgment against Schwartz, which Chaban, as Schwartz' attorney, appealed. After various

1

proceedings the judgment was eventually affirmed and became final. Thereafter, Woodward filed a "Motion for Sanctions Against Defendant and Mark Chaban," seeking sanctions on various legal bases. Chaban then filed his Chapter 7 bankruptcy petition on August 1, 2014 before the State Court held a hearing on that sanctions motion. The State Court, while aware of the bankruptcy filing, nevertheless thereafter conducted the scheduled hearing, rendered a bench opinion, and on August 4, 2014, issued a written order ("State Court Judgment") granting sanctions against Chaban and Schwarz in the amount of $24,525.00, which included both actual damages and punitive damages.

Thereafter, in this Court, Chaban moved to have the State Court Judgment set aside or declared void *ab initio* on grounds that it and its attendant proceedings violated the automatic stay. This Court thereafter issued an order in the main bankruptcy case (Dkt. 108) denying that motion. Chaban appealed it to the District Court (14-cv-14559), where it is now pending. In the meantime, Woodward filed this adversary proceeding, in which cross motions for summary judgment are presently before this Court.

Summary Judgment Standard

Fed.R.Civ.P. 56 provides the statutory basis for summary judgment, and is made applicable to adversary proceedings via Fed.R.Bankr.P. 7056. "Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The initial burden is on the moving party to demonstrate that an essential element of the non-moving party's case is lacking." Kalamazoo River Study Group v. Rockwell Intern. Corp., 171 F.3d 1065, 1068 (6th Cir. 1999) (internal citation omitted). The Court should draw all justifiable inferences in favor of the non-moving party and it should not determine credibility or

weigh evidence. *Id.* "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis original). "There is no genuine issue of material fact when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" Williams v. Leatherwood, 258 Fed. Appx. 817, 820 (6th Cir. 2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## The § 727 Count

As stated by the Court on the record at the April 9, 2015 hearing, both Woodward's and Chaban's motions for summary judgment as to this count are denied. That conclusion is required because the § 727 claim(s) in Woodward's complaint require scienter and involve other factual inquiries that constitute genuine issues of material fact, which preclude the granting of summary judgment in favor of either party.

## The § 523(a) Count

Woodward's motion for summary judgment is based on the State Court Judgment, which states in relevant part: "IT IS HEREBY ORDERED: That Plaintiff's Motion for Vexatious Appeal Sanctions against Christopher Schwartz and his attorney, Mark Chaban, are granted for reasons stated on the record, in the amount of $24,525.00." While Woodward's complaint and motion for summary judgment make references to § 523(a)(2), the operative allegations (as he has pursued them and as his attorney admits) invoke § 523(a)(6). Woodward now alleges that the State Court's findings and statements on the record constitute preclusive findings of willful and malicious injury that satisfy the requirements of § 523(a)(6), and pursuant to principles of

3

collateral estoppel, bar Chaban from now contesting or relitigating those same issues in this Court.

First, Chaban argues, both in his own motion for summary judgment with respect, and, in response to Woodward's motion, that the State Court proceedings subsequent to his bankruptcy filing, including the entry of the State Court Judgment against him, were in violation of the automatic stay and therefore void *ab initio*. As noted, this Court has issued an order rejecting that argument and an appeal of that order is pending.[1] Second, Chaban argues that § 523(a)(2) is substantively inapplicable to this situation. Because that subsection is not the real focus of the contested allegations or the cross motions (and because of the other facts), the Court will not here address these arguments further. As to the § 523(a)(6) allegations, Chaban argues that the substantive elements of "willful and malicious injury" are not met because (a) Woodward cannot identify an injury; and (b) Chaban owed Woodward no duty, but rather was required to, and did no more than, advocate zealously for his client.

As to the collateral estoppel issue, the facts involved in the State Court case, which the parties referred to in great detail, are largely irrelevant. What is actually and most relevant is the State Court Judgment and its legal basis. Principles of collateral estoppel apply in § 523 nondischargeability actions. The State Court Judgment was rendered by a Michigan state court, and so the inquiry is governed by Michigan's law on collateral estoppel. *In re Livingston,* 372 F. App'x 613, 617 (6th Cir. 2010). Under Michigan law, collateral estoppel applies when:

---

[1] This Court is not divested of jurisdiction by virtue of that pending appeal. The issue on appeal is the *validity* of the State Court Judgment debt, while the one addressed by this Opinion relates to the *dischargeability* of that debt. This opinion does not "plac[e] *the same* matter before two courts at the same time" or undermining the integrity of the pending appeal. *In re Whispering Pines Estates, Inc.*, 369 B.R. 752, 757 (B.A.P. 1st Cir. 2007) (emphasis added).

(1) there is identity of parties across the proceedings,
(2) there was a valid, final judgment in the first proceeding,
(3) the same issue was actually litigated and necessarily determined in the first proceeding, and
(4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Phillips v. Weissert* (*In re Phillips*), 434 B.R. 475, 485 (B.A.P. 6th 2010) (citing *Hinchman v. Moore*, 312 F.3d 198, 202 (6th Cir. 2002)). There is no dispute that the first element of collateral estoppel is met, as Chaban was involved in the State Court case as the attorney of record for Schwartz, the defendant in the action brought by Woodward. The second element is satisfied because the State Court Judgment was issued and became final, this Court having rejected Chaban's argument that the State Court Judgment was void *ab initio*. Because Chaban's pending appeal to the District Court on that issue could potentially void or have some adverse effect on the State Court Judgment, the order pursuant to this Opinion will include a provision dealing with that possibility. As to the third element of collateral estoppel, Michigan law provides that "an issue is 'actually litigated' if it is 'put into issue by the pleadings, submitted to the trier of fact for determination, and is thereafter determined.'" *Phillips*, 434 B.R. at 486 (quoting *Latimer v. William Mueller & Son, Inc.*, 149 Mich. App. 620, 640 (1986)). An issue is "necessarily determined" for purposes of Michigan law if it is "essential to the judgment." *Livingston*, 372 Fed. Appx. at 617 (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971)). "The inability of a court to determine the basis for the prior judgment is, by itself, enough to preclude the defense of collateral estoppel." *Id.* at 618 (quoting *Restatement (Second) of Judgments* § 27 (1982)). To apply collateral estoppel, this Court "must determine if the issue was actually litigated and was necessary to the decision in the state court. To do this, the bankruptcy court should look at the entire record of the state proceeding, not just the judgment… or hold a

5

hearing if necessary[.]" *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981) (internal citations omitted). That requirement has been satisfied in this case because this Court has held a hearing and the record contains (either in this adversary proceeding or elsewhere in the main bankruptcy case) the pleadings and transcripts that are specifically germane to the rendering of the State Court Judgment. In the State Court, Chaban appeared at the hearing and addressed the State Court as to the sanctions motion, thereby satisfying the fourth element of collateral estoppel.

In rendering the State Court Judgment, the State Court concluded that Chaban filed an appeal without posting an appeal bond (which apparently resulted in the dismissal of that appeal) and that the substantive basis of that appeal was essentially without merit. It is clear from the transcript of the hearing that the State Court granted Woodward a sanction award of $12,562.50 and punitive damages of $11,962.50. The legal basis for doing so becomes sufficiently evident from reviewing Woodward's brief in support of his motion for sanctions. In that pleading, Woodward asserted various statutes and court rules as alternate legal bases for relief (as well as supporting case law). For example, Woodward cited M.C.L. 600.2445(3), which provides "The appellee may be awarded damages for the delay and vexation caused by the appeal, to be assessed in the discretion of the court, in addition to costs on appeal, if the appellant does not improve his position on appeal." That statute does not permit a court to grant punitive damages, so the State Court could not have based the State Court Judgment solely on this statute. The same is true of Woodward's citation to M.C.R. 2.114(E), which states in relevant part "The court may not assess punitive damages." Woodward also cited M.C.R. 7.211(C)(8), which essentially provides only the proper form for filing a request for damages under M.C.R. 7.216(C) and thus could not have been a substantive legal basis for granting sanctions. However, Woodward also cited M.C.R. 7.216(C)

6

itself, which provides:

> (C) Vexatious Proceedings.
> (1) The Court of Appeals may, on its own initiative or on the motion of any party filed under MCR 7.211(C)(8), assess actual and punitive damages or take other disciplinary action when it determines that an appeal or any of the proceedings in an appeal was vexatious because
>   (a) the appeal was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal; or
>   (b) a pleading, motion, argument, brief, document, or record filed in the case or any testimony presented in the case was grossly lacking in the requirements of propriety, violated court rules, or grossly disregarded the requirements of a fair presentation of the issues to the court.
> (2) Damages may not exceed actual damages and expenses incurred by the opposing party because of the vexatious appeal or proceeding, including reasonable attorney fees, and punitive damages in an added amount not exceeding the actual damages. The court may remand the case to the trial court or tribunal for a determination of actual damages.

M.C.R. 7.112 was also cited by Woodward and it provides "In addition to its general appellate powers, the circuit court may grant relief as provided in MCR 7.216." As the State Court granted Woodward's sanctions motion (and granted punitive damages in an amount that was compliant with M.C.R. 7.216(C)(2)), by process of elimination, it perforce accepted and gave credence to Woodward's argument in respect to M.C.R. 7.216(C). That, in effect, is the functional equivalent of the State Court explicitly stating so as the rationale for its conclusion and judgment that it was acting on the basis of M.C.R. 7.216(C). Therefore, this Court finds that the basis of the State Court Judgment was clearly M.C.R. 7.216(C)(1)(a), as opposed to (C)(1)(b), because the former more specifically deals with the facts and context raised by that case and by Woodward's motion for sanctions, which the State Court granted.

The remaining legal question then is whether or not the State Court Judgment actually and necessarily litigated and concluded that Chaban's conduct was "willful and malicious." Under §

7

523(a)(6), "nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis original). "Willful" means a deliberate or intentional injury. *Id.* To establish that a defendant willfully injured it, a plaintiff must show that the defendant either acted with an actual intent to cause the alleged injury or a belief that the alleged injury was substantially certain to result from his act. *Phillips v. Weissert* (*In re Phillips*), 434 B.R. 475, 483 (B.A.P. 6th Cir. 2010) (citing *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 463-64 (6th Cir. 1999)). "The term malicious is defined as conduct taken in conscious disregard of one's duties or without just cause or excuse." *In re Little*, 335 B.R. 376, 383-84 (Bankr. N.D. Ohio 2005) (quoting *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)).

Notwithstanding Chaban's arguments to the contrary, the State Court Judgment clearly indicates that Chaban caused an injury to Woodward because (a) the monetary judgment was issued against Chaban and in favor of Woodward; and (b) M.C.R. 7.216(C)(2) provides "Damages may not exceed actual damages and expenses *incurred by the opposing party* because of the vexatious appeal or proceeding[.]" (emphasis added). The State Court necessarily found that the opposing party, Woodward, was in fact so injured. Insofar as Chaban argued that he was simply and only carrying out a duty to zealously advocate for his client, the State Court clearly found that Chaban's actions went beyond that, and, found such actions to be an ample basis for its judgment levying sanctions against both Chaban and Schwartz (without need for a further evidentiary hearing).

The State Court Judgment necessarily included an element of "willful" injury. The operative phrase in M.C.R. 7.216(C)(2) (which states "the appeal was taken for purposes of hindrance or

8

delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal") speaks to two possible bases for a ruling thereunder: (1) an appellant's subjective intent; or (2) whether an appellant's belief was objectively reasonable. In either one, there exists an element of purposeful or deliberate scienter on the part of an appellant (over and above mere negligence or recklessness) and/or a belief that the injury was substantially certain to result from the involved act. In any case, such a finding can be seen as satisfying the "willful injury" requirement. Similarly, the "malicious" injury requirement is satisfied because Chaban's appeal was taken in conscious disregard of his duties as an attorney or without just cause or excuse (and indeed Chaban was thus sanctioned by the State Court for exactly that). The elements of "without just cause or excuse" (as contained in the referred-to definition of "malicious") are essentially the very basis of M.C.R. 7.216(C)(1)(a), as well as the meaning of "vexatious." *Black's Law Dictionary* (10th ed. 2014) defines "vexatious" to mean "without reasonable or probable cause or excuse; harassing; annoying." Therefore, the State Court Judgment, seen in light of and in the context by and in which it was rendered, incorporates and constitutes sufficient findings that Chaban caused a willful and malicious injury to Woodward. With that, all of the elements of collateral estoppel are met. Therefore, as to the § 523(a)(6) count, Woodward's motion for summary judgment is granted, and Chaban's cross motion is denied. The Court will contemporaneously enter an appropriate order.

.

**Signed on May 07, 2015**

                                                         **/s/ Walter Shapero**
                                   **Walter Shapero**
                                   **United States Bankruptcy Judge**